UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

GREAT NORTHERN INSURANCE )
COMPANY, as subrogee of John and )
Nancy Gordon and ASSURANCE )
COMPANY OF AMERICA as subrogee )
of G. Brazel & Associates, LLC, )
)
    Plaintiffs, )
v. ) Case No. CV408-194
)
MARTIN RUIZ d/b/a HILTON HEAD )
PAINTING, )
)
    Defendant. )

## ORDER

In this negligence case the Court's November 4, 2008 scheduling order set January 29, 2009 as the last day for defendant to furnish his expert witness report. (Doc. 14 at 1.) Nearly a year and a half later, on June 17, 2010, defendant presented plaintiff with a new expert report (completed by Douglas Byron) discussing spontaneous combustion of "Zar stained"[1] rags, an important issue in this case. (Doc. 84 at 5.)

---

[1] "Zar is an oil-based wood stain that was used by the painters while staining the . . . floors." (Doc. 76 at 6.)

Plaintiffs promptly moved to strike a late-named defense expert (doc. 83), and defendant then asked to reopen discovery so that its expert's opinion may be introduced. (Doc. 84.) Both motions are presently before the undersigned.

To summarize the facts of the case, plaintiffs allege that defendant, a painter, negligently caused a fire at a residence insured by plaintiff Great Northern, in Ford Plantation, near Savannah, Georgia. (Doc. 76 at 2-3; doc. 1 (complaint).) Plaintiffs' expert, Antony Tijerina, determined that the fire was most likely caused by the "spontaneous combustion of Zar-stained rags left behind by" defendant's painters. (Doc. 76 at 6.) Tijerina submitted his report on December 29, 2008 and was deposed on April 8, 2008, where defendant frequently asked him about spontaneous combustion. (Doc. 83-1 at 2; doc. 38-2 at 1-53 (deposition).) On May 13, 2009, defendant moved to strike Tijerina's opinion as not based upon facts of record or reliable methodology (doc. 38), but the Court denied the motion on February 5, 2010. (Doc. 76 at 28-29.)

Thereafter, Ruiz contacted his expert, Ricky Turner, to study "the issue of Zar stained rags and spontaneous combustion." (Doc. 84 at 6.)

Turner, allegedly unbeknownst to Ruiz, then obtained the services of a third party, Byron, who performed laboratory tests on "various Zar wood stained rag products to determine if the[] products would self-heat and go to ignition." (*Id.* at 1.) After receiving Byron's report, defendant served it upon plaintiffs. (*Id.* at 6.) Predictably, plaintiffs moved to strike the report as untimely (doc. 83), and defendant, rather than responding to that motion, moved to reopen discovery "to identify a newly discovered expert witness [(i.e., Byron)] and to supplement the opinion of Ricky Moore." (Doc. 84 at 1.)

Ruiz points to Fed. R. Civ. P. 26(a)(2) and 37(c)(1) and argues that the rules, read together, permit his late filing. (Doc. 84 at 6-8.) A "party must make [his expert] disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2); *see* S.D. Ga. LR 26.1(d). When he fails to do so, the district court should bar the report "unless the failure was substantially justified or . . . harmless." Fed. R. Civ. P. 37(c)(1).[2]

---

[2] Ruiz argues that the failure to disclose here was substantially justified. (Doc. 84 at 7-10.) His assessment is incorrect. *See* note 4, *infra*.

3

But Ruiz leaves out one critical element. While it is true that he ultimately must show that the late disclosure is "substantially justified" or "harmless," he first must satisfy Fed. R. Civ. P. 16(b)'s "good cause" requirement because he submitted the report well outside of the court-ordered scheduling deadlines. *Dracz v. Am. Gen. Life Ins. Co.*, 426 F. Supp. 2d 1373, 1376 (M.D. Ga. 2006) (applying Rule 16(b) "good cause" amendment standard where party failed to identify expert witness by the court-ordered deadline); *Lavender v. Florida Gas Transmission Co.*, 2003 WL 25682205 *2 (S.D. Ala. June 30, 2003) (same); *cf. Sosa v. Airprint Sys.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (applying Rule 16(b) prior to Fed. R. Civ. P. 15(a) motion to amend standard, since under-enforcement of Rule 16(b) would "render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure").[3]

---

[3] Hence, defendant's reliance upon *Vaughn v. United States*, 542 F. Supp. 2d 1331 (S.D. Ga. 2008) is misplaced, since the *Vaughn* judge explicitly noted that the late-filing party "did not violate the terms of the Scheduling Order" -- the expert witness in issue in that case was not retained and provision of an expert witness report thus was not required under the Federal Rules of Civil Procedure. *Id.* at 1336-37 (citing Rule 26(a)(2)(B), which only requires disclosure of expert witness reports for retained experts).)

Meanwhile, this Court's scheduling order may be modified, but "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa*, 133 F.3d at 1418 (citing Fed. R. Civ. P. 16 advisory committee's note). "If a party was not diligent, the (good cause) inquiry should end." *Id.* (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

Here, Ruiz has not even attempted to show Rule 16(b) "good cause." Instead, he explains that he was satisfied with his initial expert until that expert unexpectedly commissioned the services of another expert once the spontaneous combustion issue came into focus. (Doc. 84 at 9.) Ruiz thus emphasizes that he did not commission the new expert, did not purposefully seek out the expert's evaluation, and was surprised by his receipt of the report. (Doc. 84.) Since he did nothing wrong, he reasons that he should be able to benefit from the report so long as plaintiffs are offered additional time for discovery to examine and rebut the report. (*Id.*)

5

That showing utterly fails Rule 16(b)'s good cause standard. Spontaneous combustion was in issue since *2008*. Ruiz's counsel did not exhaustively prepare for the issue until *2010*, after his motion to strike was denied, even if he did not *purposefully* retain a new expert on the matter. This is thus not a case where the scheduling order could not be met despite defendant's diligent efforts to do so. Ruiz could have commissioned these tests long, long ago. The accidental receipt of the report is unavailing. Were the Court were to find his reasoning persuasive, it could ultimately face a rash of "accidental" experts hired at the behest of third parties.

Ruiz has not shown any diligence here. He did not consider the spontaneous combustion issue to be critical until his motion to strike plaintiffs' expert was denied. In other words, he failed to protect his interests by exploring the matter in detail until the easy way out -- simply striking plaintiffs' expert -- was closed to him. Then, when he became aware of the unexpected Byron report, he did not seek leave of the Court to amend the scheduling order nor file his motion to reopen discovery until *after* plaintiffs moved to strike it. Defendant has not

established Fed. R. Civ. P. 16(b) "good cause."[4]  Accordingly, plaintiffs' motion to strike (doc. 83) is **GRANTED** and defendant's motion to reopen discovery (doc. 84) is **DENIED**.  Defendant's request for oral argument on the matter (doc. 85) is also **DENIED**.

**SO ORDERED** this  4th  day of August, 2010.

/s/ G.R. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA

---

[4] Nor is the delay "harmless" or "substantially justified" under Fed. R. Civ. P. 37.  *See APA Excelsior III, L.P. v. Windley*, 329 F. Supp. 2d 1328, 1337-38 (N.D. Ga. 2004) (declining to permit a late expert on financial transactions since "it was readily apparent during discovery that complex financial transactions would be at issue").  Ruiz's reliance upon *Cooley v. Great S. Wood Preserving*, 138 F. App'x 149, 161 (11th Cir. 2005), is misplaced.  First, that case involved the exclusion of non-disclosed non-experts.  *Id.*  Second, defendant's lack of diligence and lack of *interest* in obtaining the report weighs heavily against him.  Third, plaintiffs would admittedly be prejudiced if the testimony is allowed.  (Doc. 84 at 9.)  Defendant's "cure" -- reopening discovery -- does not outweigh his failure to provide any coherent reason justifying the delay.  The rag testing was not unavailable, the importance of the issue was clear before the discovery period expired, and defendant did not delay in performing the tests based upon plaintiffs' actions.