IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

GREAT NORTHERN INSURANCE
COMPANY, as subrogee of John
and Nancy Gordon, and
ASSURANCE COMPANY OF AMERICA,
as subrogee of G. Brazer &
Associates, LLC,

      Plaintiffs,

v.                          CV 408-194

MARTIN RUIZ d/b/a HILTON
HEAD PAINTING,

      Defendant.

**ORDER**

On January 21, 2011, the Court held a pretrial conference at which time it addressed all objections to matters arising from the information contained in the proposed pretrial order (doc. no. 79) and all proposed amendments thereto (see doc. no. 98). At that time, the Court also addressed Plaintiffs' January 3, 2011 motion in limine. (Doc. no. 94.) While most pretrial issues were resolved at the conference, the Court withheld judgment as to some issues to allow time for further consideration.[1]

---

[1] The Court allowed the parties an opportunity to file letter briefs on all issues that remained open for consideration after the pretrial conference. (See Doc. nos. 99-103.)

## A. Addition of Witnesses to Proposed Pretrial Order[2]

The parties filed a proposed pretrial order in this case on April 28, 2010. Defendant filed a "First Amendment to the Consolidated Proposed Joint Pre-Trial Order" on January 17, 2011. In his requested amendment, Defendant seeks to add, among other things, the following witnesses to the proposed pretrial order's "may call" list: Daniel Gibson Mealor Jr. ("Mealor"), Captain Thomas Anthony Burris ("Burris"), Ricky Lynn Turner ("Turner"), and Douglas Byron ("Byron").[3] Plaintiffs raised an objection to the addition of these witnesses at the pretrial conference.

Plaintiffs contend that these witnesses should not be allowed to testify at trial because they were not listed in the April 28, 2010 proposed pretrial order. Plaintiffs argue that Defendant has failed to show good cause for amending the proposed pretrial order and adding these four new witnesses. In support thereof, Plaintiffs cite language from the Court's proposed pretrial order form, which reads as follows: "If a witness is not listed when the proposed pretrial order is

---

[2] The Court notes that Plaintiffs originally objected to the addition of five witnesses, including Thomas Prevas, who is not discussed below because counsel for Defendant expressly stated at the pretrial conference that he no longer wished to call Prevas as a witness.

[3] The Court has already ruled as to Byron's admissibility (see doc. nos. 89 & 92), and Defendant has since recognized that he understands that Byron shall be excluded from testifying before the jury at trial. Defendant, however, argues that he must be allowed to have Byron testify and present related exhibits in order to make an offer of proof and establish a basis for a possible appeal. This issue is addressed in full in a separate section below.

filed, the Court will not allow the addition of a witness by any party, EXCEPT for providential or other good cause shown to the Court by application for amendment to this Order." (Doc. no. 79 at 8-9.)

Defense counsel has all but admitted that the untimely disclosure of these witnesses was the result of his own oversight and negligence.[4] Nevertheless, he argues that his mistakes are harmless and the witnesses should be allowed to testify at trial. In support thereof, Defendant points out that Mealor, Burris, and Turner were all deposed during the discovery period, and contends that Plaintiffs were aware of the witnesses' anticipated testimony long before their depositions. Defendant cites both parties' initial disclosures as evidence that Plaintiffs have been aware of these individuals and their anticipated testimony from the outset of this lawsuit. Plaintiffs' own initial disclosures, sent on November 17, 2008, list both "FF Burris," of the Bryan County Fire Department and the "State Fire Marshal," the office within which Mealor works as a fire investigator, as individuals who

---

[4] At the pretrial conference, defense counsel provided various excuses for his failure to include these witnesses in the proposed pretrial order and for his failure to expressly list Mealor and Burris as expert witnesses. First, he noted that, even though he has been listed as an attorney of record since the start of this case, he did not take an active role until it reached the final stages of summary judgment. Apparently, soon after he became involved, he moved to a new law office, which resulted in the misplacement of certain depositions. Defense counsel also stated that he had assumed at the time he signed the proposed pretrial order that Plaintiffs' counsel had listed all of the deposed witnesses in her portion of the proposed pretrial order, and, based on this assumption, paid little attention to his "may call" witness list.

3

may have discoverable information. (Doc. no. 100 at 13.) The "subject of information" provided in conjunction with the disclosure of Burris states the following: "Information regarding notification and response to the fire, possible cause and substance extinguishment." (Id.) As for the State Fire Marshal, Plaintiffs indicated, "Information regarding investigation, if any, into the fire and the subject house." (Id.) Defendant's initial disclosures provide similar information with regard to these individuals. Defendant lists the Bryan County Fire Department and, specifically, Burris, in his initial disclosures, and states the following: "Firefighters are expected to testify regarding the fire itself, the origin, possible cause, and its extinguishment." (Id. at 19.) With regard to the State Fire Marshal, Defendant states that the "Fire Marshal is expected to testify regarding his investigation, if any, into the fire at issue in this case." (Id.)

1.  *Adding Mealor and Burris as Fact Witnesses*

Courts generally consider at least three factors in determining whether to exclude a witness not listed in a pretrial order: (1) the importance of the witness's testimony; (2) the reason for the failure to disclose the witness earlier; and (3) the prejudice to the opposing party if the witness were allowed to testify. Bearint ex. rel. Bearint v. Dorell Juvenile Grp., Inc., 389 F.3d 1339, 1353 (11th Cir. 2004);

R.M.R. v. Muscogee Cnty. Sch. Dist., 165 F.3d 812, 818 (11th Cir. 1999) (same). Clearly, the reasons provided by Defendant to explain his failure to timely list Burris and Mealor favor the exclusion of their testimony.[5] The key issue here is, thus, whether the other two factors outweigh Defendant's lack of a reasonable justification for his delay, and the Court finds that they do, at least with regard to Burris's and Mealor's testimony as fact witnesses.

The testimony of the two witnesses at issue here is vitally important to Defendant's case and to developing a full understanding of what took place at the Gordon's home on March 29, 2007. As to Burris, he was the first firefighter on the scene the night of the fire, and the last to leave the following morning. He has direct knowledge of the fire's general characteristics, its progression throughout the night, and the natural conditions that may have affected it. Furthermore, while there are other witnesses with similar first-hand knowledge, Burris brings a unique perspective, as he is a firefighter who fought the fire and thus is intimately familiar with it. Finally, even if he only takes the stand as a factual, non-expert witness, Burris's testimony still appears vital to developing Defendant's theory of the case—that the cause of the fire is impossible to determine.

---

[5] As previously noted, defense counsel's failure was the result of a general lack of diligence and oversight.

5

Mealor's testimony is equally important. Mealor is the fire investigator for the Georgia State Fire Marshal's Office who was assigned to investigate the fire at the Gordon's residence. He arrived on the scene the day after the fire and closely examined the remains of the home. Beyond the retained experts in this case, Mealor likely has the most detailed factual knowledge regarding the condition of the house after the firefighters extinguished the fire. Moreover, since Mealor has not been retained, the importance of his testimony is further elevated in that he may provide a seemingly more objective view of what remained after the fire, which may prove important in a jury's determination as to whether the cause of the fire can be reasonably determined based upon the evidence.

Lastly, and most importantly, the Court is unable to conclude that any substantial prejudice would result from allowing Mealor and Burris to testify at trial. As explained above, both Mealor and Burris have been fully deposed and both parties were well-aware of their connection to this case from its outset. Furthermore, Defendant has provided relatively substantial evidence to show that the introduction of these witnesses is not prejudicial, and Plaintiffs have provided very little in opposition. For instance, Plaintiffs argue that "the amendment to the order will disrupt the pre-trial preparation and the trial date for this case" and "[t]he amendment will cause an overhaul of the trial schedule" (doc. no. 101 at 4),

6

but Plaintiffs provide no specific examples of how the late addition of Mealor and Burris would cause Plaintiffs any specific prejudice beyond presenting testimony that may be harmful to their case.[6] Plaintiffs still have over a week until trial, which should be plenty of time to prepare their case for trial, even in light of the amendment resulting in the addition of these two witnesses. Accordingly, Plaintiffs' objection to the addition of Mealor and Burris to the proposed pretrial order, as "may call" fact witnesses, is **OVERRULED**.

2. *Adding Expert Witness Ricky Lynn Turner*

As with the other witnesses, Plaintiffs argue that Turner should be prevented from testifying in light of the fact that Defendant waited until January 17, 2011, to attempt to add him to the proposed pretrial order. Plaintiffs also contend that they have been prejudiced by this late disclosure because they are, at this late hour, barred from filing a Daubert motion in opposition to Turner's testimony.

While the Court certainly does not condone Defendant's conduct and resulting delay, as demonstrated by the explicit statements set forth in the proposed pretrial order form, the Court must apply the Eleventh Circuit law in determining whether Turner should be permitted to be included in the final pretrial order and permitted to testify. As with Mealor and

---

[6] The Court notes that Plaintiffs have cited some specific prejudice that would result if Mealor and Burris were allowed to testify as expert witnesses. This argument is addressed fully below.

7

Burris—in their capacity as fact witnesses—the Court must look to the importance of Turner's testimony, the reason for the delayed disclosure, and the potential prejudice to Plaintiffs. See Muscogee, 165 F.3d at 818.

Based upon the record before the Court and the representations made by defense counsel regarding Defendant's theory of the case, Turner's testimony is critical to the defense. Turner is Defendant's only retained expert who has been identified to rebut Plaintiffs' cause and origin expert, Antony Tijerina. Defendant anticipates that Turner will testify that no reasonable person could conclusively determine the cause of the fire based upon the extensive damage to the home; this testimony is the foundation of the defense's theory of the case. Thus, the great importance of Turner's testimony is without question, and its exclusion would undoubtedly be a drastic result due to the technical omission of his name on the proposed pretrial order.

Once again, the Court is unable to identify any substantial prejudice that would result from allowing Turner's testimony. Turner was timely disclosed as an anticipated expert witness, Defendant submitted the required report, and Turner was deposed by Plaintiffs' counsel. Plaintiffs are thus fully aware of Turner's anticipated expert testimony, and have been throughout most of this case. Plaintiffs have also had a substantial amount of time to file a Daubert motion as to this

properly disclosed expert witness, seeing as up until the filing of the proposed pretrial order Plaintiffs had no reason to think that Turner would not testify at trial.

The Court recognizes that Plaintiffs may have waited to make a determination as to whether to file a Daubert motion until after reviewing the proposed pretrial order. If this was in fact the case, Plaintiffs have presumably been prejudiced because Plaintiffs chose not to file a Daubert motion based upon the witnesses listed in the proposed pretrial order and are now being presented with a "new" expert witness, but they are barred from filing a Daubert motion at this late hour. To the extent that Plaintiffs have been prejudiced to this effect, there exists a simple remedy. Plaintiffs are hereby permitted to file a Daubert motion as to expert witness Ricky Turner up until the day of trial.[7] Accordingly, Plaintiffs' objection to the addition of Ricky Turner to the proposed pretrial order is hereby **OVERRULED**.

### B. Admissibility of Mealor and Burris as Expert Witnesses

While Defendant timely disclosed Turner as a potential expert witness and filed the required expert report, Defendant did not notify Plaintiffs of his intent to call Mealor and Burris as expert witnesses until the day of the pretrial

---

[7] Upon Plaintiffs' request, the Court would be willing to conduct a Daubert hearing any time prior to trial or after Plaintiffs have presented their case, outside the presence of the jury.

conference, January 21, 2011, and only after Plaintiffs' counsel directly questioned Defendant's attorney on this particular issue.[8] Upon realizing Defendant's intent to offer Mealor and Burris as expert witnesses, Plaintiffs moved to exclude them pursuant to Federal Rules of Civil Procedure 26 & 37. Plaintiffs argue that allowing Burris and Mealor to testify as expert witnesses "will disrupt the pre-trial preparation and the trial date for this case" and will "cause an overhaul of the trial schedule." (Doc. no. 101 at 4.)

Defendant is in clear violation of Federal Rule of Civil Procedure 26, which reads as follows as to non-retained expert witnesses such as Mealor and Burris: "[A] party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705. . . . at least 90 days before the date set for trial." In the event that a party fails to abide by this rule, a party may be prevented from using the relevant "information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

---

[8] This is Defendant's second time during the course of this lawsuit in which he has attempted to identify an expert witness long after the passing of the applicable deadlines. Defendant previously sought to identify Byron, a designated expert in spontaneous combustion, approximately seventeen months after the deadline for submitting expert reports and over a year after the close of discovery.

"Substantial justification is 'justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply.'" Hewitt v. Liberty Mut. Grp., Inc., 268 F.R.D. 681, 682 (M.D. Fla. 2010) (quoting Ellison v. Windt, No. 6:99-cv-1268, 2001 WL 118617, at *2 (M.D. Fla. Jan. 24, 2001)). "With respect to [Rule 37], the appropriateness of a party's justification turns [at least in part] upon whether the party knew or should have known that an expert was necessary before the late stages of the discovery period." Morrison v. Mann, 244 F.R.D. 668, 673 (N.D. Ga. 2007). As to the issue of harm, "[a] failure to timely make the required disclosures is harmless when there is no prejudice to the party entitled to the disclosure." Hewitt, 268 F.R.D. at 683. With regard to this inquiry, courts often look to whether the non-disclosing party has been unable to prepare its case by deposing the witness during the discovery period. Morrison, 244 F.R.D. at 673. "The party failing to comply with Rule 26(a) bears the burden of establishing that its non-disclosure was either substantially justified or harmless." Hewitt, 268 F.R.D. at 683.

The Court notes once again that Defendant has failed to provide any reasonable excuse for his delay.[9] Thus, the

---

[9] That is, the Court concludes the untimely expert disclosures are not "substantially justified."

critical issue here is whether Defendant's error is harmless. Defendant argues that the inclusion of these expert witnesses "does not alter the focus of this case" and should "come as no surprise" to Plaintiffs. (Doc. no. 100 at 4.) In support thereof, Defendant cites the fact that Plaintiffs' counsel has personally taken the deposition of Mealor and Burris. (Id.)

The Court appreciates that this is not a case in which Defendant has untimely identified experts previously unknown to Plaintiffs, such that the disclosure comes as a complete surprise to the opposing parties.[10] Nevertheless, merely because the untimely disclosure is not as harmful as it could otherwise be, does not mean that Defendant's untimely disclosure is *harmless*. While Plaintiffs may have had an opportunity to depose both Mealor and Burris, at the time of their depositions, Defendant had never made Plaintiffs aware of his intent to call Burris and Mealor as expert witnesses.[11] Thus, Plaintiffs have had no opportunity to depose them as *experts*, which would have allowed them to develop testimony

---

[10] In this sense, the Court recognizes that the potential harm to Plaintiffs in this instance is substantially less than that which existed with regard to Byron. Plaintiffs were completely unaware of Byron's existence or Defendant's intent to call a spontaneous combustion expert at all until Defendant submitted the required notice approximately a year after the end of discovery and four months after the Court's ruling on the motions for summary judgment.

[11] The Court notes that between the filing of the proposed pretrial order on April 28, 2010, and the date of Defendant's proposed amendment, January 17, 2011, Plaintiffs had no idea that these witnesses would be called at all.

that could have supported the filing of a Daubert motion and allowed them to properly prepare for cross examination. Furthermore, discovery has long been closed and the trial is just over a week away. Permitting Defendant's delayed expert disclosures would surely disrupt Plaintiffs' trial preparation and result in a continuance.

In Hewitt, 268 F.R.D. at 683, the court encountered very similar facts. In that case, the plaintiff argued that its failure to timely designate an expert was harmless because the defendant had already deposed the witness at issue. The district court held as follows:

> By the time Plaintiff identified [the expert] as an expert witness, and not simply as a fact witness, there was no longer any time remaining in the discovery period for [defendant] to redepose him. Because Plaintiff made the disclosures after the close of discovery, [the defendant] would be prejudiced if [the expert] were allowed to give expert opinions because it does not know the complete substance of or basis for the expert opinions and will not have all the information necessary under Rule 26 and/or time to act upon the information before trial.

Id. at 684.

This reasoning applies equally here—Defendant's delay in identifying its expert witnesses has foreclosed Plaintiffs from deposing Mealor and Burris as expert witnesses.[12] Consequently,

---

[12] The Court has some question as to whether Burris's deposition even addressed the conclusion defense counsel contends Burris would reach at trial. Defense counsel represented to the Court that Burris will testify that no reasonable person could determine the cause of the fire. Burris, however, stated the following during his deposition:

13

Defendant's actions have prevented Plaintiffs from being able to prepare their case in accordance with this expert testimony, which may have otherwise involved the filing of a Daubert motion or a revision of their current trial strategy. "Absent the reopening of discovery and attendant delay of trial, for which no motion has been made, the self-executing nature of Rule 37(c)(1) should be preserved." Id.

Having failed to timely disclose Burris and Mealor as experts—as opposed to fact witnesses—Defendant shall not be allowed to rely on them as experts at trial. Accordingly, Plaintiffs' motion to prohibit their expert testimony is hereby **GRANTED**.

### C. Offer of Proof and Douglas Byron

On June 22, 2010, Plaintiffs filed a motion to prohibit the testimony of Defendant's untimely disclosed expert, Douglas Byron. Two days later, on June 24, 2010, Defendant filed a

---

> Q: Did you conduct an investigation to determine the cause of the fire?
> A: No, ma'am.
> Q: Did you ever come to a conclusion of where the fire originated?
> A: No, ma'am.
> Q: Did you conduct an investigation to determine the cause of the fire?
> A: No, ma'am.
> Q: Have you ever come to a conclusion as to what caused the fire?
> A: No, ma'am.
>
> Q: Have you seen the video of this fire?
> A: No, ma'am.

(Burris Dep. at 27-28.)

motion to reopen discovery for the purpose of identifying this previously undisclosed expert witness. The Magistrate Judge granted Plaintiffs' motion to strike and denied Defendant's motion in its entirety due to Defendant's failure to show good cause for amending the scheduling order and because Defendant failed to show that the untimely expert disclosure was substantially justified or harmless. Defendant subsequently appealed to this Court and the Magistrate Judge's decision was affirmed.

At the pretrial conference, Defendant argued that he should be entitled to present—outside the presence of the jury—Byron's testimony at trial, his *curriculum vitae*, Byron's investigative report, and several photographs, as an "offer of proof," pursuant to Federal Rule of Evidence 103. Federal Rule of Evidence 103 reads as follows:

> Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and . . . (2) Offer of proof. – In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked.
>
> Once the court makes a definitive ruling on the record admitting or excluding evidence, either at or before trial, a party need not renew an objection or offer of proof to preserve a claim of error for appeal.

Defendant states that his "offer" would be provided for the sole purpose of enabling him to appeal this Court's

decision to prohibit Byron from testifying at trial. Defendant acknowledges that the Court's decision as to Byron does "not involve a direct evidentiary ruling" and rather involves the "exclusion of the witness who would have presented evidence to the jury," and is thereby distinguishable from most Eleventh Circuit cases that address this rule. (Doc. no. 102 at 3.) In light of this ambiguity, Defendant understandably seeks to ensure that he preserves his right to appeal.

Plaintiffs argue in response that Defendant should be precluded from presenting Byron or any related exhibits at trial because the Court's decision prohibiting this evidence was based on procedural grounds, rather than on Byron's substantive testimony. Specifically, Plaintiffs argue that "[s]ubstantive testimony regarding [Byron's] testing and analysis does not provide any information regarding why Defendant waited over a year to reopen discovery and designate Mr. Byron as a testifying expert in [the] case." (Doc. no. 103 at 2-3.)

Plaintiffs' reasoning is persuasive and the Court, like Plaintiffs, is also unable to understand why Byron's actual testimony and exhibits would be necessary for an appeal. The decisions Defendant seeks to appeal involve the imposition of sanctions under Federal Rule of Civil Procedure 37(c)(1) based upon Defendant's failure to timely disclose an expert and file

16

an expert report, not upon the substance of actual evidence Defendant intends to offer. Furthermore, the Court has made a "definitive ruling on the record" as to Defendant's motion to reopen discovery for the purpose of designating Byron as an expert witness, and finds no reason why Defendant must submit more proof than what is already in the record.[13]

Nevertheless, the Court sympathizes with Defendant regarding his confusion and concern as to this issue. Neither Plaintiffs nor Defendant have proven capable of identifying any Eleventh Circuit case that provides an answer to the question presented. The Court has proven equally unsuccessful. Thus, out of an abundance of caution, and for the specific purpose of ensuring that Defendant has an opportunity to appeal this Court's prior decisions, the Court will allow Defendant's counsel to reassert its objections at trial and summarize Byron's anticipated testimony. This shall be done outside the presence of the jury. The Court is confident that these actions, combined with what is already in the record, will be sufficient to preserve Defendant's right to appeal this Court's previous decisions.

---

[13] In filing his motion to reopen discovery, Defendant made known the substance of Byron's anticipated testimony through the attachment of his expert report and other related documents.

**C. Conclusion**

Based upon the foregoing, the trial shall proceed as scheduled and in accordance with this Order. All deadlines and rulings set forth at the pretrial conference remain in full force and effect.

**ORDER ENTERED** at Augusta, Georgia, this 28th day of January, 2011.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA